UNITED STATES of America, Plaintiff,

v.

PEPPER'S STEEL AND ALLOYS, INC., et al., Defendants.

No. 85–0571–CIV.

United States District Court, S.D. Florida.

Aug. 14, 1989.

See also 658 F.Supp 1160.

Richard Smith, Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, Fla., for FPL.

Landon Clayman, Finley, Kumbel, Wagner, Heine, Underberg, Manley, Myerson &

Casey, Miami, Fla., for Home Ins. Co. (Insurer of Pepper's).

Maryann D'Amato, Menders & Mount, New York City, for London Market Insurers (Insurers of FPL).

Kathleen A. Touby, Touby, Smith, Demahy & Drake, Miami, Fla., for T. Curtis.

Paul R. Ezatoff, Deputy Gen. Counsel, Tallahassee, Fla., for Fla. DER.

Gordon J. Evans, Ligman, Martin, Shiley, Newwiacheny & Evans, Coral Gables, Fla., for USF & G (Insurer of FPL).

Marc Fagelson, Robyn Herman, Asst. U.S. Attys., S.D.Fla., Miami, Fla., Clinton D. Flagg, George, Hartz & Lundeen, P.A., Coral Gables, Fla., for Transp. Ins. & CNA.

Greg M. Gaebe, Gaebe, Murphy & Mullen, Coral Gables, Fla., for London Market Insurers (Insurer of FPL).

Robert R. Homiak, Asst. Atty. Gen., Lawrence Puckett, Environmental Enforcement Section, Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C.

George D. Lawrence, U.S. Dept. of Justice, Land and Natural Resources Div., Washington, D.C.

R. Hugh Lumpkin, Keith, Mack, Lewis, Allison & Cohen, Miami, Fla., for Pepper's Steel.

John M. Murray, Thorton, David & Murray, P.A., Miami, Fla., for Home Ins. Co. (Insurer of FPL).

John W. Wilcox, Mesirov, Gelman, Gaffe, Cramer & Jamieson, Tampa, Fla., for Paynes and Curtis.

David Weinberg, Fox, Weinberg & Bennett, Washington, D.C., for FP & L.

Lester O. Brown, Anderson Kill Olick & Oshinsky, New York City.

John R. Parsons, Peters, Pickle, Niemoeller, Robertson, Lax & Parsons, Miami, Fla.

Richard Wassenberg, Ponzoli & Wassenberg, P.A., Miami, Fla.

Edward T. Finneran, Rivkin Radler, Dunne & Bayh, Uniondale, N.Y.

## MEMORANDUM OPINION

## ORDER DENYING MOTION TO ENFORCE SETTLEMENT

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Defendants' Emergency Motion to Enforce Settlement Agreement and for Sanctions. The Defendants ("the landowners") are moving this Court to enforce a settlement agreement that they allegedly reached with the EPA.

The parties engaged in extensive settlement negotiations, reaching back into June 23, 1988. A draft Consent Decree was prepared by the landowners on September 6, 1988, and several drafts went back and forth. The landowners entered into settlement agreements with their various insurance companies to get those insurance companies to agree to fund the proposed Consent Decree. Finally, in February, 1989, the Department of Justice ("DOJ"), through its attorney, transmitted what it believed to be a final version of the Consent Decree, which contained only minor changes. On April 19, 1989, the landowners sent back the signature pages for the Consent Decree. Again, the DOJ sent back a revised version of the Consent Decree, with only minor changes, and requested that the landowners sign the signature pages and return them by overnight mail to Washington. The next day, the landowners were informed that the settlement had fallen through.

■ The landowners argue that this is the same Consent Decree as an earlier one between FPL and the EPA that they were unable to participate in due to their carriers' refusal to fund. The landowners allege that because the DOJ refused to enter into this settlement because of an internal policy against furnishing "recalcitrant settlors" contribution protection, the DOJ has acted in bad faith.

■ The United States responds that as a factual matter there was never any finally approved settlement. Additionally, even if a settlement agreement did exist between the parties, the United States cannot

be bound by an unauthorized settlement or compromise of a claim agreed and assented to by a staff employee of the Department of Justice. *United States v. Beebe*, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563 (1901); *United States v. Killough*, 848 F.2d 1523, 1526–27 (11th Cir.1988). Until the parties, on April 26, 1989, discussed the precise amount of an additional compromise for the purpose of creating a trust for the performance of certain operation and maintenance activities, the amount to be compromised did not exceed $750,000, and therefore the Assistant Attorney General (AAG) was authorized to approve the proposed consent decree. *United States v. McInnes*, 556 F.2d 436, 441 (9th Cir.1977). However, as a result of the additional proposed compromise discussed on April 26, the amount that would have been compromised exceeded $750,000 for the first time. At that point, only the Deputy Attorney General, on behalf of the Attorney General, could approve the proposed consent decree, after it is first reviewed and approved by the AAG. 28 C.F.R. § 0.161. Here, neither the AAG, nor the DAG ever reviewed or approved any version of the proposed settlement. The landowners knew all along that at the very least, the AAG would have to review and approve the settlement, and knew that the proposed decree had not been submitted for such review and approval.

Next, the government argues that section 122(d)(2)(B) of the Comprehensive Liability Act (CERCLA), as amended by the Superfund Amendments and Reauthorization Act, 42 U.S.C. § 9622(d)(2)(B) and the Department of Justice regulations, 28 C.F.R. § 50.7, provide that after the Department of Justice lodges a proposed decree with the Court for thirty days to allow public comment, the DOJ may then move the Court to sign and enter the decree, or it may withdraw its consent to the entry of the proposed decree. Therefore, even if this Court enforced the settlement agreement, the DOJ could withdraw its consent to the proposed decree once the thirty days had passed, after evaluating public comment.[1]

The landowners, in their reply, assert that the contribution protection against FPL's claims existed from the initial June 28, 1988, meeting between the landowners's counsel and the DOJ. Additionally, the landowners claim that the DOJ twice represented that a review of the agreement had been concluded. In conclusion, the landowners assert that the settlement should be enforced, or that, at the least, they should be reimbursed for their expenditures in the settlement negotiations.

While this Court might sympathize with the frustration felt by the landowners in having the settlement, negotiated over a long period of time and so close to being a reality, fall through, this Court holds that no settlement was, in fact, reached because the necessary approvals had not been obtained. Second, even if this Court were to enforce the settlement agreement, the DOJ could, and in this case certainly would, withdraw its consent to the proposed decree once the thirty days had passed. Under these circumstances, this Court holds that the settlement agreement is not enforceable and that sanctions are not appropriate. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Emergency Motion to Enforce Settlement and for Sanctions is DENIED.

DONE AND ORDERED.

---

1. FPL has filed a response in this matter and makes it quite clear that it would have objected violently to the entry of the proposed consent decree because it would have eliminated FPL's contribution claim against the landowners after FPL bore the risk of undertaking and completing the clean up, before the liability issues were resolved. The United States supports this contention and argues that it was this factor that ultimately resulted in the government's decision not to approve the settlement.